


# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | Bk. No. SV 06-12053 MT |
| BRIAN DUBOIS and CONNIE DUBOIS, | Chapter 7 |
| Debtor(s). | Adv. No. SV 07-01026 MT |
| INDRA S. JHAVERI and MARY JHAVERI, | **MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff(s), | Date: December 19, 2007 |
| v. | Time: 11:00 a.m. |
| BRIAN DUBOIS and CONNIE DUBOIS, | Place: Courtroom 302 |
| Defendant(s) | |

## I. INTRODUCTION:

Plaintiffs Indra S. Jhaveri and Mary Jhaveri ("Plaintiffs") filed a Notice of Renewed Motion and Motion for Summary Judgment on October 31, 2007, asking the court to grant summary judgment in favor of Plaintiffs and declaring Plaintiffs' judgment from the Los Angeles County Superior Court against Brian Dubois to be non-dischargeable. For the reasons stated below, Plaintiffs' motion is denied.

**II. FACTS**:

Plaintiffs sued Brian Dubois ("Debtor") and others in Los Angeles County Superior Court for fraud and other claims, case no. BC 242306. On January 20, 2005, the Los Angeles County Superior Court rendered a judgment for fraud and punitive damages against Debtor totaling $2,408,706.30, with interest continuing to accrue at 10% per annum ("Judgment"). Plaintiffs and Debtor entered into a post-judgment settlement agreement, which Debtor later breached.

Debtor filed chapter 11 bankruptcy on November 28, 2006. The case was converted to chapter 7 on February 28, 2007. On February 8, 2007, Plaintiffs initiated an adversary proceeding against Debtor, adv. no. SV 07-01026. In Plaintiff's Complaint for Non-Dischargeability of Debt, Plaintiffs seek: (1) a determination that the Judgment is non-dischargeable within the meaning of 11 U.S.C. §§523(a)(2), 523(a)(4) and/or 523(a)(6); (2) costs of suit incurred herein; and (3) for such other and further relief as this court may deem proper.

Plaintiffs filed their first motion for summary judgment on June 26, 2007. An initial hearing on the matter was held on August 16, 2007. Because the state court judgment was not yet final at the time the motion was filed but became final in the interim, a continued hearing was held on October 24, 2007. The court denied the motion for summary judgment without prejudice, finding that Plaintiffs failed to meet their burden of proof on the motion for summary judgment and noting that Plaintiffs failed to provide authority to show the effects of the breach of the settlement on the Judgment.

Plaintiffs brought a second motion for summary judgment (renewed) on October 31, 2007 ("MSJ"). This MSJ is the subject of this memorandum.

### III. DISCUSSION:

Plaintiffs' four page motion argues that summary judgment should be granted because (1) the state court judgment is collateral estoppel as to non-dischargeability, and (2) the settlement agreement is not enforceable by Debtor.

Summary Judgment Standard:

Under F.R.C.P. Rule 56(c), incorporated by F.R.B.P. Rule 7056, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a mater of law." Under *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986), "a party seeking summary judgment always bears the initial responsibility of informing the [ ] court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Under *C.A.R. Transportation Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000), "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence was uncontroverted at trial.'" Further, *Countrywide Home Loans, Inc. v. U.S.*, 2007 WL 87827 at 7 (E.D. Cal. 2007), states: "When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party." *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284 (9th Cir. 1982).

Collateral Estoppel Issue:

While Plaintiffs may be able to show that collateral estoppel might bar relitigation

of the §523 issues that are the subject of this adversary complaint, issue preclusion involves a more involved analysis than Plaintiffs' brief indicates. Plaintiff fails to show how the elements of §523(a)(2)(A) and/or §523(a)(6) are satisfied if collateral estoppel applies. Plaintiffs failed to address what issues were actually addressed in the state court proceeding and how they apply in §523 actions. *See e.g. In re Lopez*, 367 B.R. 99, 104-108 (9th Cir. B.A.P. 2007); *In re Munton*, 352 B.R. 707, 712 (9th Cir. B.A.P. 2006). Under *Celotex Corporation v. Catrett*, 477 U.S. at 324, Plaintiff "bears the initial responsibility of informing the [ ] court of the basis for its motion." Plaintiff also "must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury could find for the non-moving party." *Countrywide Home Loans, Inc. v. U.S.*, 2007 WL 87827 at 7. Simply attaching the state court findings with no further analysis of how each of those findings relates to a § 523 element is asking the court to make plaintiffs' case for them and not giving the debtor the opportunity to respond. Plaintiffs failed to meet their burden to show why summary judgment should be granted and why Debtor's debt should be deemed non-dischargeable pursuant to §523(a)(2)(A) and/or §523(a)(6).

Settlement Issue:

Plaintiffs also argue that the settlement agreement is not enforceable by Debtor. Specifically, Plaintiffs argue that Debtor breached the settlement agreement, thereby rendering the settlement enforceable and that there was no waiver of any breach of the settlement agreement. At the October 24, 2007 hearing on the first motion for summary judgment, the court told Plaintiffs that there were outstanding issues on what effect a breach of the settlement agreement had on the Judgment and denied the first motion for summary judgment because Plaintiffs failed to adequately address relevant authority and the issues involved. These issues raised previously by the court that Plaintiffs still

failed to address include: (1) how does California Code of Civil Procedure §664.6 and the state court's denial of Plaintiffs' request to enforce the settlement agreement affect the enforceability of the settlement agreement and Judgment?; (2) does the settlement agreement supersede the Judgment?; (3) what effect does a breach of settlement agreement have on the Judgment?; (4) is the state court judgment reinstated or is the sole remedy damages arising from the breach of the settlement? In relation to whether or not there is a waiver of the breach of settlement agreement, plaintiff needs to address whether there may be a material fact in dispute as to whether or not there were actions taken by Plaintiffs that waived the breach of the settlement.

Because of this, the court cannot say whether there are any genuine issues of material fact or whether plaintiff is entitled to judgment as a matter of law.

### IV. CONCLUSION:

Based on the inadequacies of the papers filed, the court informed all parties that no appearance was required. The court found that oral argument was unnecessary where Plaintiffs' moving papers failed to meet their initial burden and any additional arguments or authorities not initially briefed by Plaintiffs would prejudice Debtor and cause unnecessary expense.

Plaintiffs may have a third and final chance to file a motion for summary judgment that adequately addresses the court's concerns.

DATED: 12/19/07

**MAUREEN A. TIGHE**
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE BY MAIL

I certify that a true copy of this **ORDER** was mailed on DEC 1 9 2007 to the parties listed below:

Mark Serlin
Serlin & Whiteford, LLP
813 F. St., Second Floor
Sacramento, CA 95814

Michael Brewer
Horbnerger & Brewer, LLP
444 S. Flower St., Suite 3010
Los Angeles, CA 90071-2901

Richard Towne
3400 Cahuenga Blvd. West
Los Angeles, CA 90068

Dated: DEC 1 9 2007

_____
DEPUTY CLERK